## CIRCUIT COURT OF LOUDOUN COUNTY

Paramount Termite Control Co., Inc.

v.

Pest Management Services, Inc., et al.

September 14, 1988

Case No. (Chancery) 11141

By JUDGE THOMAS D. HORNE

Complainant herein seeks injunctive relief against the corporate and individual Defendants predicated upon certain restrictive employment agreements signed by the individual Defendants while working for the Complainant.

Robert A. Pope began his employment with Paramount on December 3, 1979. The Court finds that on November 7, 1983, as a condition of his continued employment with Paramount, Mr. Pope was required to execute the "employment agreement," Plaintiff's Exhibit 1.

Larry A. Santmyer commenced employment with Paramount in July, 1978. Like Pope, the Court finds that he was required to execute as a condition of his employment an "employment agreement." The agreement (Plaintiff's Exhibit 3) forms the basis of the action for injunctive relief against Santmyer.

James Selnow began his employment with Paramount on December 3, 1979. Like Pope and Santmyer, the Court finds that he was required to execute an "employment agreement" (Plaintiff's Exhibit 4) subsequent to his initial employment with Paramount. This agreement forms the basis of the action for injunctive relief against him. In addition to the agreement relied upon by Complainant in these proceedings, Selnow was required to execute an earlier restrictive covenant on October 27, 1980 (Plaintiff's Exhibit 5).

At the time of his employment with Paramount, Ronald Pierleonardi was required to execute as a condition of employment a restrictive employment agreement. This original covenant was superseded by an employment agreement similar in form to those executed by the other individual Defendants. The subsequent agreement is dated November 18, 1982, and is Plaintiff's Exhibit 2. Thus, Pierleonardi's situation is somewhat different than the other three employees in that his execution of a restrictive employment agreement was related to his initial employment with Paramount and not as a condition to his continued employment. However, the Court finds that the provisions of the November 18, 1982, agreement were no longer binding on Pierleonardi after January 6, 1988, a period two years after he initially ceased employment with Paramount. The Court finds that the Complainant has failed in its proof of a later revival of the former employment agreement or of a new agreement restricting his employment at any time after he was rehired by Paramount on October 3, 1986.

The Court finds that as to Defendants Pope, Santmyer, and Selnow, the Complainant's have failed to prove consideration for the employment agreement. Complainant's evidence shows only that the Defendants, as a condition of their continued employment, were required to execute the non-competition covenants. In each case, the employment of these three Defendants was terminable at will. Their employment had commenced long before they were required to execute the agreements. Any other side benefits they may have received such as training were negligible or non-existent. The Court believes the rule enunciated in *Pemco Corp. v. Rose*, 257 S.E.2d 885 (W. Va. 1979), to be applicable to this case and bars the relief requested.

Accordingly, for the reasons stated, the Complaint will be dismissed.